Babak Semnar, Esq. (#224890)
Bob@SanDiegoConsumerAttorneys.com
Jared M. Hartman, Esq. (#254860)
Jared@SanDiegoConsumerAttorneys.com
41707 Winchester Road, Suite 201
Temecula, CA 92590
Telephone: (951) 293-4187; Fax: (888) 819-8230

Attorneys for Plaintiff

## U.S. DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| STEVEN SIRMANS, an individual,<br><br>               Plaintiffs,<br><br>   v.<br><br>MIDLAND CREDIT MANAGEMENT, INC.,<br><br>           Defendant. | Case No.:<br><br>**COMPLAINT FOR VIOLATIONS OF:**<br>  **1. THE TELEPHONE CONSUMER PROTECTIONS ACT,**<br>  **2. FEDERAL FAIR DEBT COLLECTION PRACTICES ACT,**<br>  **3. STATE ROSENTHAL ACT,** |

TO THE CLERK OF THE COURT, ALL PARTIES, AND THE HONORABLE U.S. DISTRICT COURT JUDGE:

Plaintiff, STEVEN SIRMANS, an Individual, by and through his attorneys of record, hereby complains and alleges as follows:

## <u>INTRODUCTION</u>

1. Plaintiff brings this action to secure redress from unlawful debt collection practices engaged in by Defendant, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), the Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA), and the State of California Rosenthal Act, California

Civil Code § 1788, *et seq.* ("Rosenthal").

2.    In 47 U.S.C. § 227(b), Congress enacted the TCPA scheme to prohibit the use of automated dialing system equipment to dial cellular telephone lines without prior express consent, to prohibit the use of artificial or recorded voice equipment to dial cellular telephone lines without prior express consent, to prohibit the use of artificial or recorded voice equipment to dial residential telephone lines without prior express consent, and also created a private right of action for monetary and injunctive relief to redress such violations.  To carry out its purpose, the TCPA explicitly vests state courts with subject matter jurisdiction over the causes of action it creates.  47 U.S.C. § 227(b)(3).

3.    In 15 U.S.C. § 1692(a)-(e), the U.S. Legislature made the following findings and purpose in creating the Federal Fair Debt Collection Practices Act:

> Abusive practices. There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

> Inadequacy of laws. Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

> Available non-abusive collection methods. Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

> Interstate commerce. Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

> Purposes. It is the purpose of this title [15 USCS §§ 1692 et seq.] to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and

2
**COMPLAINT FOR DAMAGES**

to promote consistent State action to protect consumers against debt collection abuses.

4.     In Calif. Civil Code § 1788.1(a)-(b), the California Legislature made the following findings and purpose in creating the Rosenthal Act, codified at California Civil Code § 1788, *et seq.*:

> (a)(1) The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts. Unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.
>
> (2) There is need to ensure that debt collectors and debtors exercise their responsibilities to another with fairness and honesty and due regard for the rights of the other.
>
> (b) It is the purpose of this title to prohibit debt collectors from engaging in unfair or deceptive acts of practices in the collection of consumer debts and to require debtors to act fairly in entering into and honoring such debts, as specified in this title.

## JURISDICTION AND VENUE

5.     This action arises out of Defendant's violations of: 1) the Telephone Consumer Protection Act (47 U.S.C. § 227) ("TCPA")— over which the U.S. District Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331; 2) Federal Fair Debt Collections Practices Act (15 U.S.C. 1692-1692p) ("FDCPA), over which the U.S. District Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331; and 3) State of California Rosenthal Fair Debt Collection Practices Act (California Civil Code §§ 1788-1788.32) ("Rosenthal Act"), over which the U.S. District Court has supplemental jurisdiction 28 U.S.C. § 1367(a).   Subject matter jurisdiction is therefore established.

6.     Jurisdiction of this Court is proper as all actions from aforementioned statutes arose within the boundaries of the County of Riverside, State of California, and

**COMPLAINT FOR DAMAGES**

1    because Plaintiff is a resident of the County of Riverside, State of California.

2        7.    Because Defendant does business within the County of Riverside, State of

3    California, personal jurisdiction is established.

4        8.    Because all actions arose while Plaintiff resided in the County of

5    Riverside, and witnesses are located therein, venue properly lies in this court.

6                        **PARTIES & DEFINITIONS**

7        9.    Plaintiff is a natural person whose permanent residence is in the County of

8    Riverside, State of California, and are both therefore a "person" as that term is defined

9    by California Civil Code § 1788.2(g) of the Rosenthal Act.

10       10.    Plaintiff is informed and believes that Defendant was attempting to collect

11   a consumer debt allegedly owed to Defendant, alleged to have been due and owing, and

12   Plaintiff is therefore a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) of

13   the FDCPA and a "debtor" as that term is defined by California Civil Code § 1788.2(h)

14   of the Rosenthal Act.

15       11.    Defendant is a partnership, corporation, limited liability company, or other

16   similar entity, Defendant is therefore a "person" within the meaning of California Civil

17   Code § 1788.2(g) of the Rosenthal Act.

18       12.    Defendant was allegedly owed a monetary debt, for which it was collecting

19   on behalf of itself that was purchased after default, which makes Defendant a "creditor"

20   under California Civil Code § 1788.2(i) of the Rosenthal Act.

21       13.    Defendant alleged that they were collecting a debt arising out of a personal

22   credit card, and Plaintiff is therefore informed and believes that the money alleged to

23   have been owed originated from monetary credit that was extended primarily for

24   personal, family, or household purposes, and is therefore a "debt" as that term is

25   defined by 15 U.S.C. § 1692a(5) of the FDCPA and California Civil Code § 1788.2(d)

26   of the Rosenthal Act.

27       14.    Upon information and belief, Defendant was attempting to collect on a

28   debt that originated from a credit card that was extended primarily for personal, family,

**COMPLAINT FOR DAMAGES**

or household purposes, and was therefore a "consumer credit transaction" within the meaning of California Civil Code § 1788.2(e) of the Rosenthal Act, and because Defendant was owed money to arising from what Plaintiff is informed and believes was a consumer credit transaction, the money allegedly owed was a "consumer debt" within the meaning of California Civil Code § 1788.2(f) of the Rosenthal Act.

15.     Defendant utilizes the instrumentalities of interstate commerce and the mails in a business for which the principal purpose is the collection of any debts, is one who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another, and is therefore a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) of the FDCPA and California Civil Code § 1788.2(c) of the Rosenthal Act, and thereby engages in "debt collection" within the meaning of California Civil Code § 1788.2(b) of the Rosenthal Act.

## FACTUAL ALLEGATIONS

16.     Sometime in May of 2017, Defendant delivered a letter to Plaintiff's address in the City of Wildomar, County of Riverside, State of California.

17.     The letter was dated May 10, 2017.

18.     The letter claimed it was attempting to collect a debt from an unknown individual by the name of Steve Martin.

19.     The letter claimed that Defendant was attempting to collect a debt on behalf of Midland Funding, LLC as the current owner, in the amount of $9,507.50, and that the original creditor was Chase Bank USA, N.A.

20.     Upon information and belief, Midland Funding, LLC is a company whose principal business purpose is to purchase defaulted consumer debts for the purpose of collection.

21.     Upon information and belief, Defendant MIDLAND CREDIT MANAGEMENT, INC. is a subsidiary entity of Midland Funding, LLC, and Midland Funding, LLC utilizes its subsidiary company MIDLAND CREDIT MANAGEMENT,

INC. to undertake all collection efforts upon debts purchased by Midland Funding, LLC after default for the purpose of attempting to collect upon the defaulted debt.

22. Because the debt was purchased by Midland Funding, LLC after default, the FDCPA therefore applies.

23. Because Defendant MIDLAND CREDIT MANAGEMENT, INC. was, at all times relevant, attempting to collect on behalf of Midland Funding, LLC, both the FDCPA and the Rosenthal Act apply.

24. Upon receiving the May 2017 collection letter addressed to his address, but attempting to collect from an unknown person by the name of Steve Martin, Plaintiff SIRMANS utilized a fraud and identity theft service to undertake communications with Defendant to determine whether his identity had been stolen or if he was the victim of some other fraudulent activity.

25. At some point in either May or June of 2017, an individual by the name of Rene Carbo assisted Plaintiff by engaging in communications with Defendant in an attempt to rectify the matter.

26. Through such communications, Plaintiff learned that either Defendant, Midland Funding, LLC, or Chase Bank had transposed the social security number for the true debtor—Steve Martin—such that Plaintiff's social security number was associated with the account for Steve Martin that Defendant was attempting to collect upon.

27. On or about June 15, 2017, Plaintiff was informed by Mr. Carbo that Defendant MIDLAND CREDIT MANAGEMENT confirmed with Mr. Carbo that Defendant had communicated directly with Chase Bank as a result of the dispute, and that Defendant confirmed with Mr. Carbo that Plaintiff is not the true debtor upon the account and that the collection letter was sent in error.

28. By way of letter dated June 14, 2017, Defendant also confirmed with Plaintiff directly that he is not the true debtor upon the account and that the collection letter was sent in error.

**COMPLAINT FOR DAMAGES**

29.     Defendant's June 14, 2017 letter also claims to have updated its records to remove Plaintiff's social security number in order to ensure they do not contact him any further upon the account again.

30.     However, at some point after Plaintiff received Defendant's June 2017 letter, Plaintiff began receiving phone calls to his home residential landline with pre-recorded and/or artificial voice messages from Defendant.

31.     Each call placed by Defendant to Plaintiff's residential landline contained the pre-recorded and/or artificial voice message instructing Plaintiff to call back related to an important business matter.

32.     Each number that was left in the pre-recorded/artificial voice message is a telephone number for Defendant.

33.     However, Plaintiff has never had a business relationship with Defendant.

34.     Plaintiff has never given consent for Defendant to call him upon his residential landline.

35.     Plaintiff has never had a business relationship with anyone who may have sold a debt to Defendant.

36.     Therefore, Defendant has no prior express consent from Plaintiff to place such calls to Plaintiff's residential landline for any purpose.

37.     Upon information and belief, Defendant did not properly remove his social security number from their records related to the account for the true debtor Steve Martin, and Defendant conducted skiptracing to find a telephone number associated with Plaintiff's social security number that Defendant still mistakenly believed belonged to the true debtor.

38.     Upon and information and belief, Defendant obtained Plaintiff's home residential landline via skiptracing and began placing debt collection calls with unlawful pre-recorded/artificial voice message in an attempt to collect the debt.

39.     However, Defendant knew or should have known that Plaintiff's residential landline number did not belong to the true debtor, because that landline is

7

**COMPLAINT FOR DAMAGES**

1  associated with Plaintiff's social security number that Defendant claimed in its June
2  2017 letter to have scrubbed from its records.

3      40.    As a result, every phone call placed by Defendant to Plaintiff's landline
4  was done with reckless disregard of its known duty to not contact Plaintiff any further
5  upon the debt that Defendant acknowledged Plaintiff did not owe.

6      41.    Therefore, every phone call placed by Defendant to Plaintiff's landline
7  amounts to a willful violation of the TCPA.

8      42.    Plaintiff attempt to block the calls from coming in to his landline, but
9  Defendant began using spoofed numbers so that the calls would still come through as a
10  different originating number each time, effectively rendering Plaintiff's attempts to
11  block the calls entirely futile.

12      43.    At some point in March of 2017, Plaintiff reached out to Mr. Carbo again
13  in an effort to coordinate communication with Defendant to request that Defendant stop
14  calling Plaintiff.

15      44.    During a three-way conference call between Defendant, Plaintiff, and Mr.
16  Carbo, an employee of Defendant's confirmed that they should not be calling Plaintiff
17  at all, and promised that the calls would cease within 48 hours.

18      45.    However, the calls have not ceased as promised.

19      46.    Because Plaintiff felt that he had no recourse for informal rectification of
20  this matter, he reached out to his counsel of record as a last resort to vindicate his rights
21  from the unwanted and harassing phone calls.

22      47.    Plaintiff has received upwards of 200 calls from Defendant, each of which
23  was placed by Defendant to his residential landline with pre-recorded and/or artificial
24  voice messages.

25      48.    As a direct result of these annoying, harassing, and unwanted calls,
26  Plaintiff has suffered emotional distress and mental anguish such as anger, frustration,
27  anxiety, nervousness, feelings of despair, and lack of hope at being free from such
28  intrusive violations of his privacy within his home life.

**COMPLAINT FOR DAMAGES**

**FIRST CAUSE OF ACTION**
**(Violations of the TCPA)**
**47 U.S.C. § 227(b)**

49.     Plaintiff re-alleges and incorporates by reference the above paragraphs, as though set forth fully herein.

50.     Defendant violated the TCPA upwards of 200 times from sometime in June of 2017 and on-going, without Plaintiff's prior express consent and not for emergency purposes.

51.     Plaintiff believes discovery will reveal that there actually exists more than 200 violations, and specifically reserves his right to pursue recovery for the exact number of violations after such discovery.

52.     Plaintiff is informed and believes that each violation of the TCPA was done by Defendant knowingly and/or willfully, because Defendant has admitted to Plaintiff in writing and also admitted to Mr. Carbo, acting as the agent for Plaintiff, that Plaintiff is not the true debtor on the account and promising to remove his social security number from their records, but thereafter failing to do so.

**SECOND CAUSE OF ACTION**
**(VIOLATIONS OF FDCPA)**
**15 U.S.C. §§ 1692-1692p**

53.     Plaintiffs re-allege and incorporate by reference the above paragraphs, as though set forth fully herein.

54.     By persistently calling Plaintiff upwards of 200 times despite having already acknowledging he is not the true debtor upon the account, and promising to not contact him any further, Defendant has violated 15 U.S.C. § 1692f by using unfair or unconscionable means in an attempt to collect a debt.

55.     By persistently calling Plaintiff upwards of 200 times despite having already acknowledging he is not the true debtor upon the account, and promising to not

**COMPLAINT FOR DAMAGES**

contact him any further, Defendant has violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in an attempt to collect a debt.

56.     As a direct result of these annoying, harassing, and unwanted calls, Plaintiff has suffered emotional distress and mental anguish such as anger, frustration, anxiety, nervousness, feelings of despair, and lack of hope at being free from such intrusive violations of his privacy within his home life.

### THIRD CAUSE OF ACTION
### (VIOLATIONS OF ROSENTHAL ACT)
### CALIF. CIV. CODE §§ 1788-1788.32

57.     Plaintiff re-alleges and incorporates by reference the above paragraphs, as though set forth fully herein.

58.     By violating 15 U.S.C. §§ 1692d and 1692f of the FDCPA, as set forth above, Defendant has also necessarily violated Calif. Civ. Code §1788.17 of the Rosenthal Act, as the Rosenthal Act incorporates such violations of the FDCPA into the Rosenthal Act as well so that each such violation is a violation of both the FDCPA and the Rosenthal Act.

59.     As a direct result of these annoying, harassing, and unwanted calls, Plaintiff has suffered emotional distress and mental anguish such as anger, frustration, anxiety, nervousness, feelings of despair, and lack of hope at being free from such intrusive violations of his privacy within his home life.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

### As to the First Cause of Action:

1.     Plaintiff demands an award of statutory damages pursuant to 47 U.S.C. §

227(b)(3)(B) for each violation of the TCPA scheme, to be tripled in the Court's discretion for each willful and knowing violation, in an amount to be proven at trial;

2.      Plaintiff believes the violations exceed 200 calls, but believes discovery will reveal there are more violations;

3.      Court costs as permitted by Rules of Court;

4.      Injunctive relief to prohibit Defendant from committing such violations in the future.

**As to The Second Cause of Action:**

1.      Plaintiff demands an award of actual damages in the amount of $25,000.00 pursuant to 15 U.S.C. § 1692k(a)(1), or as the jury may award at trial;

2.      Plaintiff demands an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

3.      Plaintiff demands an award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3).

**As to the Third Cause of Action:**

1.      Plaintiff demands an award of actual damages in the amount of $25,000.00 pursuant to Calif. Civil Code section 1788.30(a), or as the jury may award at trial;

2.      Plaintiff demands an additional award of statutory damages of $1,000.00 pursuant to Calif. Civ. Code section 1788.30(b);

3.      Plaintiff demands an award of costs of litigation and reasonable attorney's fees, pursuant to Calif. Civ. Code section 1788.30(c).

**COMPLAINT FOR DAMAGES**

1

## **DEMAND FOR JURY TRIAL**

2

PLEASE TAKE NOTICE that Plaintiff demands a jury trial in this case.

3

4

Dated: 4-2-18                               Respectfully submitted,

5

6

By: _/s/ Jared M. Hartman_

SEMNAR & HARTMAN, LLP

7

Jared M. Hartman, Esq.

8

Attorney for Plaintiff

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COMPLAINT FOR DAMAGES**